## George Ganssly and another v. Julia A. Perkins.

*Intoxicating drinks: Sales: Injuries: Exemplary damages: Willful acts.* The recovery of exemplary damages being expressly allowed by the statute (*Comp. L. 1871*, § 2137) for injuries resulting from the sale of intoxicating liquors, a refusal to exclude them from the consideration of the jury, in an action by a wife for sales to her husband, is not error where there is some evidence tending to show that sales had been made against the wife's remonstrances.

*Actual damages: Exemplary damages: Statute construed.* This statute contemplates the recovery of actual damages to the extent of the injury in every case, and of exemplary damages where they are appropriate; but there can be no recovery unless there be some injury; the right of action does not spring from the relationship alone and in the absence of any actual damage.

*Exemplary damages: Willful wrong.* The foundation of exemplary damages rests upon the wrong done willfully to the complaining party; and wrong done without reference to that party will not authorize their recovery.

*Sales of intoxicating drinks: Injuries to wife: Situation of parties injured.* In an action by the wife to recover for injuries resulting to her from sales of such liquors to her husband, where the evidence shows that the husband had been intemperate, and the wife had supported herself and partly supported him, ever since a time prior to the passage of the law in question, a charge to the jury which directed them in giving damages to estimate the loss of the sober, intelligent society of the husband, and the loss of want of means of support, etc., is inappropriate; for while the defendants should be held liable for the injury they have actually inflicted, their liability must be measured by the effects produced upon the husband and wife as they were, and not as they might have been.

*Heard October 28. Decided October 30.*

Error to Ingham Circuit.

*H. B. Carpenter,* for plaintiffs in error.

*M. V. Montgomery,* for defendant in error.

CAMPBELL, J.

Plaintiffs in error were sued by defendant in error for damages resulting to her from the sale of intoxicating liquor to her husband. The errors assigned relate to rulings on damages.

We have no doubt the court properly refused to charge the jury that no exemplary damages could be recovered. The statute is express that they may be recovered, and there was conflicting testimony as to whether the sales had not been made against the wife's remonstrances. If the jury so found, there was aggravation caused thereby which would come very plainly within any interpretation of the statute. In *Kreiter v. Nichols, 28 Mich., 496,* this was laid down as the proper construction and application of the law.

The only questions which require consideration here arise upon the rule of damages given to the jury upon the request of the plaintiff below as somewhat modified by the

court. These are objected to as going beyond what could be properly given without qualification, upon the case as it stood.

Except testimony to the sale of a single glass of ale, in May, 1872, which was sworn to by one Charles Munson, the whole proof on which plaintiff recovered was given by herself. She testified that ever since 1866, or some five years before the passage of the law in question, her husband had been intemperate, and she had supported herself and had partly supported him. She further testified to having requested one of the defendants not to sell liquor to her husband (upon which there was opposing testimony). She swore to having often seen him come out of the saloon of defendants intoxicated, and to having frequently found him there intoxicated. The bill of exceptions does not go into any details as to the circumstances attending these visits, or whether within the time covered by the statute, or as to the conduct of defendants in regard to him. It is not claimed there was not evidence to charge them with damages, but this is all that can be inferred.

But it becomes important to consider what rule the statute lays down. It provides that "every wife, child, parent, guardian, husband, or other person, who shall be injured in person, property, means of support, or otherwise, by any intoxicated person, or by reason of the intoxication of any person" shall have an action, and may recover "actual and exemplary damages."—*Comp. L. 1871*, § *2137*.

The law contemplates that any person injured may recover actual damages, and that the recovery shall be co-extensive with the injury, so far as the law furnishes means of ascertaining the damages. And it contemplates that in some cases there may be exemplary damages, where such damages will be appropriate. But the action is strictly confined to persons who are injured in some way; or, in other words, the statute does not give an action to any of these persons merely from their relationship, where their actual damages would be purely nominal. There can be

no exemplary damages without actual injury.    It is to be observed that injuries received from the intoxication of strangers are embraced in the same clause with those suffered from the intoxication of wards, relatives, or husbands and wives; and that persons who may have no blood or marital connection with the intoxicated person are also grouped together.    It is plain, therefore, that the measure of damages cannot be the same in all these cases, and that there must be some of them where exemplary damages would be absurd.

. There is nothing in these cases to exempt them from the rules applied in any other cases of actionable wrongs. The actual damages should be as nearly commensurate with the actual injury as the nature of the case will permit; and exemplary damages should be given in those cases, and only in those cases, where the plaintiff has some personal right to complain of a wanton and willful wrong, which the wrong-doer, when he committed it, must be regarded as having committed against the plaintiff herself, in spite of the injury he must have known she was likely to suffer by it.

The foundation of exemplary damages was explained in *Detroit Daily Post Co. v. McArthur, 16 Mich. R., 447,* and in *Kreiter v. Nichols,* and rests on the wrong done willfully to the complaining party, and not to wrong done without reference to that party.    Otherwise, every one entitled under the statute to bring an action might bring his or her separate action for the same wrong, and while each would recover as his own actual damages no more than his own injury, the same exemplary damages would be multiplied and recoverable in addition to actual damages in every one of those actions.    No such consequence can have been intended.

In the present case there was evidence, as already stated, from which, if believed, plaintiff would have been entitled to exemplary damages.    This was contradicted.    We have no means of knowing whether the other testimony of plain-

tiff would have authorized it or not.     The judge, in his charge to the jury, made no distinction, but instructed them without condition or qualification that such damages were recoverable in this case.   And in estimating the plaintiff's actual damages he not only included some of the elements of exemplary damages, but directed the jury to estimate the "loss of the sober, intelligent society of her husband, the injury to the property of either,   *   *   *   the loss or want of means of support, and the increased labor and the manner of living to which she had been driven."

The plaintiff's testimony indicated that she had not been deprived of the sober society of her husband; and the defendants, while liable for the ill effect of what they may have done, must be held for the effects produced on the husband and wife as they were, and not as they might have been; and the same remark will apply to her loss in property and means of living.   Her testimony would hardly warrant a charge which assumed there had been such a loss, except in additional expenses and trouble, which were included expressly in other instructions.   The standard of sobriety is assumed, when, before the law was passed, and before the misconduct of defendants occurred, the plaintiff's husband, by her testimony, fell far below it.   Defendants were liable for the mischief which they may have produced by preventing his improvement or making him worse, but they are not responsible for damages as they would have been if they had reduced him from sobriety to sottishness. The error is not unnatural, for the moral quality of contributing to the degradation of one already debased is no better than if he were sober.   But the remedy is given for the injury suffered by the wife; and she loses much less in property and comfort when her condition is not seriously changed, than when there is a considerable change.

We think in this respect the charge was misleading. The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.