## HENRY KEHRIG v. BRIDGET PETERS.

*Civil damage law—Bill of particulars—Sales of liquor by employees—Evidence—Exemplary damages—Technical request for instructions.*

A common law declaration is good under the civil damage law if the statute does not specify the form of remedy.

A bill of particulars cannot be insisted on in an action on the case for consequential injuries.

A liquor dealer is liable under the civil damage law for sales made by his employees within the scope of their authority.

Exculpatory remarks made by a defendant to third persons, but not in the nature of *res gestœ*, are properly excluded.

In an action against a liquor dealer under the civil damage law for selling to plaintiff's husband, remarks made by the husband tending to exculpate the dealer, but not as part of any trans-

action in dispute, are inadmissible in evidence; they could not bind the plaintiff.

Defendant in an action for selling liquor to plaintiff's husband, admitted that he himself had furnished the liquor on certain specified occasions. *Held* that a question by his own counsel as to whether those were the only times the husband got liquor at his place was objectionable as leading; and as not confining defendant to sales within his own knowledge.

In an action for selling liquor to plaintiff's husband, an instruction calling the jury's attention to the necessity of tracing intoxication to defendant's conduct, was *held* to have obviated the error of admitting testimony tending to show merely that the buyer had been in the habit of returning home with whisky after being gone about long enough to have visited defendant's neighboring saloon.

Laws recognizing the liquor traffic by taxing it and imposing damages for selling to certain classes of persons, are not inconsistent.

Requests technically proper and correct in the abstract, if likely to puzzle and mislead the jury, are properly refused if the charge as given covers the points.

Exemplary damages may lie under the civil damage law for sales of liquor made by defendant's employees as well as by himself; he is liable not only for his personal acts, but for his recklessness or willfulness in neglecting to guard against sales that he knew would injure those entitled to bring suit.

Error to Wayne. Submitted July 1. Decided Oct. 8.

TRESPASS ON THE CASE. Defendant brings error.

*Brevoort & Miller* for plaintiff in error.

*Geo. H. Penniman* and *Jerome T. Johnson* for defendant in error.

CAMPBELL, C. J. Mrs. Peters, defendant in error, sued Kehrig, who is a saloon-keeper, for damages caused by the sale of intoxicating liquors to her husband. The statute relied on is Act 231 of the laws of 1875 as amended by Act No. 193 of the laws of 1877, "to prevent the sale or delivery of intoxicating liquors, wine, and beer, to minors, and to drunken persons, and to habitual drunkards; to provide a remedy against persons selling

liquor to husbands or children in certain cases." Pub. L., 1875, p. 283; Pub. L., 1877, p. 212.

This statute, partially repealing the old prohibitory laws, makes certain classes of sales unlawful in all cases. These are sales to minors, to persons actually intoxicated, and to persons in the habit of getting intoxicated. Section 3 gives a choice of two actions—(one against the seller directly for the money, and one against the principal and sureties on the liquor seller's bond) in favor of a wife, etc., who shall be injured in person, property, or means of support by an intoxicated person, or by means of the intoxication of any person. The amendment of 1877 enlarges the language somewhat, but does not affect this case particularly. The same section provides that in any action the plaintiff shall have a right to recover actual and exemplary damages. In the present case the jury rendered a verdict of $200.

The declaration sets forth in substance the marriage of the parties over twenty years ago, and that the husband, who is a plasterer and averred to be a good workman, supported his wife comfortably; that Kehrig for three years past has sold intoxicating drinks to Peters, who by means of such drinking has become a habitual drunkard, neglecting his work and not supporting his family, and that the sales made by Kehrig have contributed to this result.

The testimony for Mrs. Peters shows, if true, and the jury have acted upon it, that within the period named Peters has become a habitual drunkard, and that his family have lost the support he before gave them. It also tended to show that he obtained his liquor for the most part from Kehrig's saloon, and that Mrs. Peters had repeatedly warned Kehrig not to let her husband have liquor. This is not denied by Kehrig unless inferentially, but he claims to have told his employees not to let Peters have liquor, which would indicate either such a warning or some other notice.

Several errors are assigned, and reference will be made to such as are material.

We think the declaration, which was objected to, was sufficient. This case does not differ in principle from *Friend v. Dunks*, 37 Mich., 25, in which it was held that where the statute had not pointed out the form of remedy, it was sufficient to resort to the proper common law form.

This being an action on the case for consequential injuries, we do not know of any rule entitling the defendant to a bill of particulars. It was properly held unnecessary by the court below. See *People ex rel. Everett v. Judge of Marquette Circuit Court*, 39 Mich.

Testimony was properly received of sales made at the saloon, whether made by Kehrig or not. *Kreiter v. Nichols*, 28 Mich., 496. He was, like all other employers, liable for the acts of his agents within the scope of their authority.

There was no error in excluding exculpatory remarks made by Kehrig to third persons, in no way constituting parts of transactions which would give them the character of *res gestæ*. He could not make testimony for himself by telling third persons he was innocent. Nor was there any error in excluding similar proposed testimony concerning statements of Mr. Peters, not forming part of any transaction in controversy. He could not bind his wife by such statements. Her right of action depended on the facts, and belonged to herself, and was not derived from him in any way, although springing from his misconduct.

Kehrig having been sworn in his own behalf, and having testified to his own furnishing of liquor on these occasions, which was drunk by Peters in his saloon, his counsel proposed to ask him whether these were the only times Peters got liquor at his place. The court refused to allow this question, rejecting it as leading. It seems to us fairly open to that objection, and counsel made no attempt to reach his knowledge of the facts

by modifying it. It was also objectionable on another ground. Defendant was not confined by it to sales within his own knowledge. There was a large amount of testimony concerning other sales, and one such sale was proved by Mrs. Kehrig, a witness for her husband.

A question was allowed to be answered which would have been objectionable, if not qualified by a ruling under it. One witness was allowed to answer this interrogatory: "What do you know about his being in the habit of going out and being gone the usual time that he usually occupied in going to Kehrig's, and returning with liquor?" The answer was, "He used to be gone only five or ten minutes, when he would be back with whisky."

Apart from the reference to Kehrig's, this might possibly have been admissible to show his drinking habits. But it was possible the liquor he brought came from other saloons, and such vague testimony could not properly be allowed to prejudice Kehrig. But on attempting to follow up this testimony by showing for what purpose the liquor was brought and what Peters did with it, the court on objection excluded it as not connected with defendant. It seems to us that by this ruling the possible effect to Kehrig's prejudice was prevented. The attention of the jury was sufficiently called to the necessity of tracing intoxication to conduct of the defendant below. He was not sought to be held responsible merely because he had sold liquors, but because he had caused damage by contributing to the intoxication which made Peters useless to his family.

Some exceptions were made to the action of the court in charging and refusing to charge.

The only exceptions to the charge as given are obscure and not clearly explained in the argument. They seem to be aimed at the maintenance of any action at all for sales not made by defendant personally, and at the inconsistency of allowing sales to be lawful and taxing them as such, and at the same time allowing actions for damages caused by such lawful sales.

We do not ourselves discover any reason why a business otherwise lawful may not be required to be so carried on as to prohibit sales to habitual drunkards, and persons actually intoxicated, or persons concerning whom the saloon-keeper has been warned. Sales to drunkards and drunken persons are made in terms unlawful. Sales contrary to warning are made at the dealer's peril, so that if damage actually occurs, he must pay for it. All the statutes must be taken together, and we think them in no way repugnant.

A specific request that to entitle the plaintiff to recover the jury must find that sales were actually made by the defendant to plaintiff's husband, and that actual damage resulted from such sales, was not refused, if meant to cover the general essentials of liability. The court very clearly instructed the jury what they must find as a basis of recovery. If meant to indicate that the defendant could only be liable for acts done in person, it was properly refused.

Courts cannot be held to err in omitting to give specific requests on subjects covered by the charge actually given, because some astute construction may make the request proper. Requests to charge if granted, are given for the instruction of juries, who cannot be supposed to be versed in legal niceties. A charge not adapted to give them clear ideas, and which is in any way ambiguous, may be properly laid aside.

A similar criticism applies to an instruction asked concerning exemplary damages. No exception was taken to the charge actually given on that subject, and it is not entirely clear that under the charge as given the jury understood that exemplary damages went beyond actual damages. The verdict does not lead one to suppose they exceeded this.

We had occasion in *Kreiter v. Nichols*, 28 Mich., 496, to explain that the statute there involved—which in that respect resembles the one before us—did not authorize exemplary damages in favor of a wife, unless the defendant had some knowledge of the fact that there was a

wife who would suffer, and made or permitted sales to the husband with this knowledge, and in defiance of her interests. In other words, he must have known he was likely to injure the wife by the sales.

The plaintiff in error claims to have asked a charge which would have presented the law as laid down in *Kreiter v. Nichols,* and in the subsequent case of *Ganssly v. Perkins,* 30 Mich., 492.

What he did ask was an instruction that to authorize exemplary damages the jury must find "that the injury or wrong done was done wantonly and willfully to the plaintiff by the defendant, and not done without reference to her."

In many and perhaps in most cases, this would be a correct abstract proposition, but for its very abstract quality it might in many cases, and we think it would in this case, have a strong tendency to mislead. Taken in connection with a previous charge asked, it indicates that there must in every case be a sale made by the defendant personally, in order to justify exemplary damages. This cannot be universally true. If it were, it would enable liquor sellers in all cases to avoid responsibility by having all sales made by clerks or agents. The facts which were before the jury required that any request on this subject should be in such a shape as to conform to them distinctly.

There was a conflict of testimony to some extent as to the habits of Peters, and the amount of his drinking at Kehrig's and of liquor bought there. The showing made by his wife and children and by some other testimony made an aggravated case. There was evidence that Mrs. Peters had warned Kehrig, and Kehrig himself attempted to show that he had been active in preventing sales. All this indicates, in contradiction of some other proofs for the defense, that Peters was known to be a person who could not be safely allowed to drink. He was a near neighbor, and therefore likely to frequent the saloon unless kept out. Kehrig admitted furnishing liquor

personally on some occasions, and he could not escape liability for those except on ignorance of the habits of Peters, which the rest of his testimony does not tend to make out. It was his unquestionable duty, if he knew—as there was evidence that he did know—those habits, and the wishes of his wife, to take the most effectual means in his power to prevent sales to Peters by any one in the saloon. He swears that he gave such orders. The testimony for the plaintiff is from the frequency of such sales inconsistent with the probability of such precautions. All this was for the jury. Any instructions sought should have called their attention to the nature of the liability not only for personal acts, but for personal recklessness or willfulness in failing to take measures to prevent sales. The charge asked was not in such a shape that the court was called upon to give it; and the failure to except to the charge actually given renders it unnecessary to discuss the technical correctness of that. As already intimated, we see no reason for supposing any but actual damages were given, and we think the court presented the case very fairly. We cannot properly discuss the technical accuracy of rulings not excepted to. We think there are no exceptions on which a reversal can be demanded.

The judgment must be affirmed with costs.

The other Justices concurred.