OTTO KADGIN

v.

LAURA H. MILLER.

1. SALE OF INTOXICATING LIQUOR—EXEMPLARY DAMAGES.—The court is of opinion that by the statute exemplary damages for an injury occasioned by the sale of intoxicating liquors are only to be given when the act is willful, wanton or of such a reckless character as to deserve punishment.

2. INSTRUCTIONS.—The instruction in this case was liable to mislead the jury, and should have been modified to meet the above view of the law.

APPEAL from the Circuit Court of McLean county; the Hon. O. T. REEVES, Judge, presiding. Opinion filed September 28, 1883.

Kadgin v. Miller.

Messrs. RUBENS & McGAFFEY, for appellant; as to when the jury may give exemplary damages, cited Meidel v. Anthis, 76 Ill. 241; McEvoy v. Humphrey, 77 Ill. 390; Brannon v. Silvernail, 81 Ill. 434; Granesly v. Perkins, 30 Mich. 493; Kreiter v. Nichols, 28 Mich. 498; Franklin v. Schmerhorn, 8 Hun, 112.

Messrs. STEVENSON & EWING, for appellee; as to actual damages, cited McEvoy v. Humphrey, 77 Ill. 388; Farren v. The People, 77 Ill. 322; Horn v. Smith, 77 Ill. 387; Emory v. Addis, 71 Ill. 277; Brannon v. Silvernail, 81 Ill. 434; Roth v. Eppy, 80 Ill. 283; Horn v. Smith, 77 Ill. 387.

HIGBEE, J. This suit was brought by appellee to recover damages sustained by her in her person, property and means of support, in consequence of the intoxication of her husband, caused in whole, or in part, by the sale of intoxicating liquors to him by appellant.

The evidence tended to show that the defendant below, appellant here, was the keeper of a dram shop in Bloomington, and that on several occasions the husband of appellee purchased liquor of the servants of appellant, at his saloon, and became intoxicated by the use of the same; that in consequence of such intoxication appellee was injured in her person, property and means of support. The evidence also tends to show that none of the liquor was furnished by appellant himself, or by any of his employes with his knowledge or consent. On the contrary he had refused to furnish liquors to appellee's husband and instructed his servants to do the same.

By the fourth instruction given for the plaintiff below, the court charged the jury that if they found for the plaintiff, and that damages had been sustained by her in consequence of such intoxication, then they were not necessarily confined to the actual damages, which they believed from the evidence to be proved, but they might give punitive damages, if they believed from the evidence she was entitled to recover such damages.

Kadgin v. Miller.

The statute declares that both the person selling and the owner of the property where the sale is made, shall be liable to persons injured for all damages sustained and for exemplary damages.

It will be noticed that the instruction makes use of the words "punitive damages" while the words of the statute are "exemplary damages;" but they are convertible terms and mean the same thing.

The law holds one engaged in the sale of intoxicating liquors responsible for sales made by his servants, although made in violation of his instructions and without his knowledge. And we entertain no doubt that if appellee's husband obtained intoxicating liquor from appellant or his servants, and by the use thereof became intoxicated, and she was thereby injured in her person, property or means of support, she is entitled to full compensation for all such injuries. But in addition to such compensation does the statute authorize the jury to award exemplary damages in all cases? In Meidel v. Anthis, 76 Ill. 241, it was held that while the statute allows exemplary damages to be awarded to the wife in a suit for injury occasioned by the sale of intoxicating liquors to the husband, such damages can only be by way of example, or as a warning to deter the defendant and others from similar transactions, by way of punishment, but aggravating circumstances must be shown to authorize it. And this seems to have been recognized as the correct rule in Hackett v. Smelsley, 77 Ill. 109.

The case of Kreiter v. Nichols, 28 Mich. 496, was a suit by a wife against the liquor dealer to recover for injuries to her means of support caused by intoxication, and notwithstanding the statute of Michigan provides that in case of recovery the plaintiff "shall have a right to recover actual and exemplary damages," the Supreme Court of that State, in a very able opinion by Judge Cooley, held that exemplary damages should not be awarded under the statute, unless the act of giving or selling the intoxicating drinks was willful, wanton, reckless, or otherwise deserving of punishment beyond what the requirements of mere compensation would impose.

When the statute under consideration was enacted, it was known to all to be a well established principle of the common

law, that in actions sounding in tort the jury might inflict what were called exemplary, punitory or vindictive damages, upon a defendant, having in view the moral turpitude or atrocity of the act, rather than the measure of compensation to the plaintiff; but such damages were never given unless the act was willful, wanton, or of such a reckless character as to deserve punishment, and we can not doubt it was in this sense that the words " exemplary damages " were used in the statute.

The instruction, we think, should have been qualified to meet this view of the law, and without such qualification it was well calculated to mislead the jury as to the correct rule of damages.

Judgment reversed and cause remanded.

Reversed and remanded.