Opinion by
Will-son, J.
§ 259. Jurisdiction of county court; retail liquor dealers bond. This suit was brought in the name of Leo *198 Bogan, as county judge of Caldwell county, and for the use of said county, and in the county court of said county, upon a retail liquor dealer’s bond, to recover the penalty of $500 for a breach of the conditions of said bond. Appellants pleaded that the county court had no jurisdiction of the case. Held, the plea to the jurisdiction was properly overruled. County courts have exclusive original jurisdiction in all civil cases, when the matter in controversy shall exceed .in value $200, and not exceed $500, exclusive of interest. [Const, art. V, sec. 16; B. S. art. 1161.] This is not a suit in behalf of the state, to recover a penalty or forfeiture, as is contended by appellants’ counsel, and is not, therefore, within the jurisdiction of the district court. [Const, art. V, sec. 8; B. S. art. 1117.]
§ 2 60. County judge is not disqualified to try such suit. The county judge was not disqualified to try the cause. He was merely a nominal party, and. had no such interest in the subject-matter involved, as, under the law, rendered him incompetent as a judge in the' cause. [W. & W. Con. Bep. § 304.]
§261. County attorney is authorized to bring such suit. By'the express terms of the statute, the county attorney had the authority to institute this suit, without any order of the commissioners’ court. [Acts 17th Leg. p. 113, sec. 4.] In the case of Looscan v. County of Harris, 58 Tex. 511, cited by counsel for appellants, in support of the position that a suit of this kind cannot be maintained without an order of the commissioners’ court authorizing it, the opinion of the court was grounded upon the fact, that there was no law which conferred upon the district attorney the power to bring the suit in that instance. That case is not applicable to this suit, because, in this instance, the statute plainly and expressly vests in the county treasurer, district or county attorney, or either of them, the power to bring the suit, and makes it their duty to do so, when the conditions of the bond have been violated.
*199 § 262. Petition.in suit on. such bond.' The court did not err in holding the petition to be sufficient. It alleges the bond, which is the foundation of the action, and alleges fully and specifically the several breaches of the conditions thereof by appellant Grady, and that he knowingly committed said breaches, etc.
§ 268. Juror; cause of challenge. ' In the trial of a suit for the violation of the conditions of a liquor dealer’s bond, it is not a cause of challenge to a juror that he has a bias in favor of, or a prejudice against, the business or occupation of selling liquors by the retail, and it is not error to refuse to permit the jurors to be questioned as to such bias or prejudice. [R. S. arts. 3012, 3080.]
§ 264. Opinion of witness. It was not error to refuse to allow a witness to answer a question which called for his opinion or conclusion as to whether or not defendant Grady had been engaged in the retail liquor business during a certain time.
§ 285. Principal and agent; responsibility of principal for acts of agent. Grady executed the bond sued upon, and procured a license in his own name to carry on the business of a retail liquor dealer. He turned over the license to one Cherry, who conducted the business in the name of said Grady, and all the goods bought for and shipped to the house were in the name of Grady. Grady, however, had no interest in the business, his connection with it being for the accommodation merely of Cherry, who, being indebted and insolvent, could not carry on the business in his own name. Cherry employed a bar-tender, and it was while the business was thus being conducted that the breaches of the bond, gambling, selling liquor to minors, etc., occurred. Field, Grady must be regarded as the principal in carrying on the business which was in the immediate charge of Cherry and the bar-tender. He -is estopped by his own acts from denying that he was such principal, and responsible as such. He executed the bond, obtained the license, and permitted the business to be openly con *200 ducted in liis name. He saw proper thus to assume all the duties and responsibilities imposed by the law upon a retail liquor dealer, and the law looks to him directly for a performance of those duties and a discharge of those responsibilities. As he and his sureties have bound themselves, so must they stand bound. It was Grady’s, and not Cherry’s, bond that was accepted, and it was' Grady, and not Cherry, that was granted the license to-carry on the business. It would make the law a farce to-permit Grady to avoid responsibility by simply placing' his license in the hands of Cherry and suffering the latter to manage the business. Cherry was not bound upon the bond, and could not be held responsible for any breach of its conditions. It was never contemplated by the legislature that the wholesome purposes and benefits of this statute should be evaded and thwarted by any such devices or shams. [Horan v. Ch. Justice Travis County, 26 Tex. 226.] It is a well-settled general rule of the law, that the principal is responsible, civilly, for the acts of his agent, but not criminally, unless done under his express aiithority. [Story on Agency, § 308; Paley on Agency, 294; Smith v. Reynolds, 15 N. Y. 128.] This being a civil action, founded upon a cause of action arising ex contractu, the rule above quoted applies. “No man can be excused from responding for the negligent conduct of his servant, because of having instructed him to be careful, or for his frauds, because of having told him to be honest. While he is not liable for the wrongs which the servant may step aside from his employment to commit, he is fully responsible for the manner in which his business is conducted, and if he gives proper directions, he must take upon himself the risk of their being obeyed.” [Kreiter v. Nichols, 28 Mich. 496.] We are of the opinion that, under the law, Grady was liable for the acts of Cherry and the bar-tender, performed or permitted by them in the conduct of said business, under said bond and license, they being his agents or servants in said business; in other words, the acts and omissions of his *201 agents or servants, in conducting said business, and their knowledge and responsibility as to such acts and omissions are imputable to him. He is estopped from pleading that he had no knowledge of such acts and omissions. It was his duty to know the manner in which the business was conducted. He had obligated himself that it should be properly conducted; that certain evils which frequently attend this business should be prevented. His sureties bound themselves that he would do this, and in consideration in part of this obligation he was licensed to carry on the business in accordance with law. He will not be permitted, under these circumstances, to shield himself from liability under the plea of ignorance of the facts as to what was transpiring in the conduct of the business in violation of the conditions of his bond. If he might, by the use of ordinary prudence and diligence, have known of these violations, this, in law, would be equivalent to actual knowledge of them.
June 14, 1884.
Affirmed.