## MARGARET RAWLINS, RESPONDENT, *v.* PETER VIDVARD, APPELLANT.

*Civil damage act — exemplary damages cannot be allowed unless aggravating circumstances, with which the defendant is connected, be shown.*

Where an action is brought against the owner of premises under the civil damage act, by a wife to recover damages for injuries sustained by her husband by reason of the sale to him of intoxicating liquors by the defendant's tenant, exemplary damages cannot be awarded by the jury without proof of aggravating circumstances with which the defendant is connected.

Exemplary damages cannot be awarded in actions brought under the said act unless it be shown that the defendant acted from bad motives, as, for instance, where it is shown, in an action against one who sold the liquor, that he sold it in violation of law, or to a person whom he knew to be far gone in the habit of intemperance, or who was already obviously under the influence of liquor, or who habitually squandered in dissipation the wages with which he should support his family, or where, in an action against the owner of the premises, it is shown that he leased them to a tenant knowing that he kept a disorderly place or sold without a license, or to minors or habitual drunkards. (Per VANN, J.)

APPEAL by the defendant from a judgment, entered against him upon a verdict rendered at the Oneida Circuit, in January, 1882, and from an order denying a motion for a new trial made upon the minutes of the judge before whom the action was tried.

This action was brought under the statute to suppress intemperance, pauperism and crime, known as the "Civil Damage Act."

On the 27th of September, 1880, the defendant owned certain premises in the town of Whitestown, county of Oneida, known as the "Yorkville House," which he had leased to one Nellie M. Briggs, knowing that she intended to use them for the purpose of keeping a hotel in which intoxicating liquors would be sold. The

plaintiff claims, and the evidence in her behalf tended to show, that on the day last named, her husband, Martin J. Rawlins, became intoxicated; that such intoxication was caused wholly or in part by liquors sold to him by Mrs. Briggs or her agent, and that he was thereby rendered incapable of taking care of himself and fell from the loft of a barn situated on said premises, broke his arm and sustained other injuries.

The defendant claimed, and the evidence in his behalf tended to show, that on the occasion in question no liquors had been furnished to said Rawlins by Mrs. Briggs or at said hotel, and that he became intoxicated on what he drank elsewhere.

It was not disputed that the plaintiff was dependent on her husband's labor for support, and that he was prevented by these injuries from working from the date of the accident until January 20, 1881. He was a laboring man, without any property, and earned from one dollar and twenty cents to one dollar and thirty-five cents per day. His family consisted of the plaintiff, two children aged respectively four and ten years, and himself. He was not in the habit of drinking to excess, but did occasionally, or, as stated by the witnesses, once or twice a year. He testified that he drank one glass of beer at another hotel early on the day in question, and before he drank at the Yorkville House, and would not swear that he did not drink two. The jury found a verdict for the plaintiff for $150.

*S. J. Barrows*, for the appellant.

*L. E. Goodier*, for the respondent.

VANN, J.:

Upon the trial of this action the court charged the jury that the plaintiff, if her case was made out, might recover exemplary damages, and refused to charge, as requested by defendant's counsel, that the plaintiff's right of action, if she had one at all, was limited to her actual damages, and that she was not entitled to exemplary damages. The defendant excepted to the charge as made, and to the refusal to charge as requested. The verdict of the jury in favor of the plaintiff exceeded the amount of the actual damages as proved. (*Franklin* v. *Schermerhorn*, 8 Hun, 112.) According to the evidence, the only connection of the defendant with the case was that he owned the premises where the liquor, alleged to have

caused the intoxication of plaintiff's husband, was sold, and that he let them to be used as a hotel, knowing that intoxicating liquors were to be sold therein. There was no proof connecting the defendant with any aggravating circumstance. There was evidence tending to show that the barkeeper of the tenant sold to the husband of the plaintiff three drinks of whisky at short intervals; but it did not appear that he was at all intoxicated until after he had swallowed the last of these drinks. The exceptions, therefore, present the question whether, in a case brought under the civil damage act against the owner of the premises, the plaintiff may, in the discretion of the jury, recover exemplary damages, without proof of aggravating circumstances with which the owner is connected.

The statute provides that "every husband, wife, child, parent, guardian, employer or other person, who shall be injured in person or property or means of support, by any intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her name against any person or persons who shall, by selling or giving away intoxicating liquors, caused the intoxication in whole or in part of such person or persons, and any person or persons owning or renting or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, shall be liable, severally or jointly, with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained and for exemplary damages." (Laws of 1873, chap. 646, § 1.)

What did the legislature mean when it imposed this liability: "for all damages sustained and for exemplary damages?" Did it mean to commit to the arbitrary discretion of a jury the power of awarding exemplary damages without evidence or law to guide them? or, did it mean that the damages sustained, when proved according to the common law, should be recovered; and also exemplary damages, when proved in like manner? In other words, did it mean to create a new cause of action, leaving the damages to be measured by the principles of the common law? or to create not only a new cause of action, but also a new measure of damages?

All statutes are to be construed with reference to the principles of the common law in force at the time of their passage, and all words having a well known and definite meaning at common law

are presumed to be used in the same sense when they appear in a statute. (Dwarris on Statutes, 564–5 ; Sedgwick on Construction of Stat. and Const. Law, 221; *The U. S.* v. *Jones*, 3 Wash. C. C. R., 209.) The words "exemplary damages" are well known to the common law, and are thus defined by common-law writers, editors and judges : "Damages allowed as a punishment for torts committed with fraud, actual malice, or deliberate violence or oppression." (Bouvier.) "Damages given by way of punishment or in common parlance 'smart money.'" (Burrill.) "Damages on an unsparing scale, given in respect of tortious acts committed through malice or other circumstances of aggravation." (Rapalje & Lawrence.) "Damages given not merely as pecuniary compensation for the loss actually sustained by the plaintiff, but likewise as a kind of punishment to the defendant, with the view of preventing similar wrongs in the future." (Brown's Com. Law, 855.) "Damages increasing compensation for wrongs done with bad motives." (1 Sutherland on Damages, 716.) "Damages where fraud, malice or oppression intervenes." (1 Sedgwick on Damages [7th ed.], 53.) "For torts, under circumstances of great aggravation, the jury, in addition to such actual damages as they may find the injured party entitled to, * * * may further allow, for an example to others and a punishment of the wrong-doer, exemplary or punitive damages." (Field on Law of Damages, 28.) "If the defendant in committing the wrong complained of acted recklessly or willfully and maliciously with a design to oppress and injure the plaintiff, the jury in fixing the damages may disregard the rule of compensation, and beyond that, may, as a punishment to the defendant, and as a protection to society against a violation of personal rights and social order award such additional damages as in their discretion they may deem proper." (*Voltz* v. *Blackman*, 64 N. Y., 440. 444.) "Damages by way of compensation for malicious injuries." (*Bixby* v. *Dunlap*, 56 N. H., 456, 465.) "In actions of trespass and all actions on the case for torts, a jury may inflict what are called exemplary, punitive or vindictive damages, upon a defendant, having in view the enormity of his offense rather than the measure of compensation to the plaintiff." (*Day* v. *Woodworth*, 13 How. [U. S.], 371 ; see, also, *Huckle* v. *Money*, 2 Wils., 205 ; *King* v. *Root*, 4 Wend., 118 ; *Burr* v. *Burr*, 7 Hill, 207.)

From these definitions it is apparent that exemplary damages at common law imply malice, bad motives or evil intent on the part of the person against whom they are awarded. They are allowed not to compensate the one who suffers the wrong, but to punish the one who inflicts the wrong on account of his evil design, and as an example to others.

If the legislature, in enacting the statute in question, instead of using the words " exemplary damages," had used the common law definition of those words, they would have expressed precisely what the statute means now. (*Davis* v. *Standish*, 26 Hun, 608, 615.) When thus construed it does not mean that the jury may award exemplary damages in any case, but only when the defendant has acted from bad motives. If, for instance, in an action against the one who sold the liquor that caused intoxication, from which actual damages were sustained, it appeared that he sold in violation of law or to a person whom he knew to be far gone in the habit of intemperance, or who was already obviously under the influence of liquor, or who habitually squandered in dissipation the wages with which he should support his family, the jury might well infer that he acted from bad motives, and award exemplary damages. Also in an action against the owner of the premises, if it appeared that he leased them to a tenant, knowing that he kept a disorderly place, or sold without a license, or to minors or habitual drunkards, there would be a basis upon which the jury might allow exemplary damages against him.

But in this case there is no evidence from which the jury could infer that the defendant acted from bad motives. He leased his premises for a lawful purpose. (*Jackson* v. *Brookins*, 5 Hun, 530, 535.) His tenant had a license, granted under the laws of the State, and so far as appears kept an orderly and respectable hotel. No aggravating circumstance was shown with which the defendant was directly or indirectly connected. If the sale of three glasses of whisky to the same person within a few minutes would authorize an award of exemplary damages in a case against a tenant, it would not in a case against the landlord without further proof. The person against whom exemplary damages are allowed must be connected with and in some way responsible for the aggravating circumstances that authorize the award. As said by the court in *Davis* v. *Standish*

(*supra*), "the statute has not said in what cases punitive damages may be given, and we must therefore look to the common law," and, as already appears, such damages are allowed at common law only to punish a willful wrong-doer.

In *Franklin* v. *Schermerhorn* (8 Hun, 112) it appeared that the plaintiff's husband was injured and lost a sum of money in consequence of the intoxication, and it was held that the seller was liable only for the actual damages, and that exemplary damages should only be given when there are circumstances of abuse or aggravation proved on the part of the vendor of the liquor.

In *Neu* v. *McKechnie* (95 N. Y., 632) the Court of Appeals held that where the defendant sold the liquor causing the intoxication without a license, it was proper to submit the question of exemplary damages to the jury. The decision is placed expressly upon the ground that there was evidence upon which exemplary damages might be awarded. Under similar statutes the courts of Michigan, Nebraska and Illinois require circumstances of abuse or aggravation to be proved before exemplary damages are allowed even against the seller.

In *Kreiter* v. *Nichols* (28 Mich., 496–9) the court held that exemplary damages should not be awarded unless the act of giving or selling the intoxicating drinks was willful, wanton, reckless or otherwise deserving of punishment beyond what the requirement of mere compensation would impose.

In *Ganssley* v. *Perkins* (30 Mich., 492–5) the court said : "The actual damages should be as nearly commensurate with the actual injuries as the nature of the case will permit ; and exemplary damages should be given in those cases, and only in those cases, where the plaintiff has some personal right to complain of a wanton and willful wrong, which the wrong-doer, when he committed it, must be regarded as having committed against the plaintiff herself, in spite of the injury he must have known she was likely to suffer by it."

In *Roose* v. *Perkins* (9 Neb., 304, 315) it does not appear whether there was any proof of aggravating circumstances or not, but the refusal of the trial court to instruct the jury that exemplary damages could not be recovered, was held error.

In *Bates* v. *Davis* (76 Ill., 222) the judgment was reversed

solely because the trial court had allowed the jury to award exemplary damages.

In *Hackett* v. *Smelsley* (77 Ill., 109) exemplary damages were allowed, but the evidence tended to show that the defendants sold to an habitual drunkard.

The Supreme Court of Ohio, under a statute creating a right of action " against any person who shall by selling intoxicating liquors *contrary to this act* have caused the intoxication, etc.,   \*   \*   \*   for all damages actually sustained, as well as exemplary damages," held that the jury might assess exemplary damages, without proof of actual malice or other special circumstances of aggravation. (*Schneider* v. *Hosier*, 21 Ohio, 98, decided under the act of May 1, 1854, S. & C., 1432.)

Where the sale is unlawful, bad motives are to be inferred, and in such a case the legislature might well have intended to allow exemplary damages as a punishment to the defendant and a protection to society, so that *Schneider* v. *Hosier* (*supra*) is not inconsistent with the other cases cited.

No other case to which our attention has been called sanctions the recovery of exemplary damages without proof of aggravating circumstances. We think that the charge as given, and that the refusal to charge as requested was erroneous, and that the judgment and order appealed from should be reversed and a new trial granted, with costs to abide event.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment and order reversed and a new trial ordered, with costs to abide the event.