BRIDGET CAMPBELL, as ADMINISTRATRIX, ETC., OF CLARA DOUGHERTY, DECEASED, RESPONDENT, v. CHARLES SCHLESINGER, APPELLANT.

*Civil damage act — when evidence, showing knowledge on the part of a hotel-keeper of the intoxication of his bar-tender, cannot be considered as notice that the liquor was taken from the former's bar.*

Upon the trial of this action, brought by Clara Dougherty, the widow of John Dougherty, under the "civil damage act," to recover damages claimed to have been sustained by reason of the death of her husband, which was alleged to have been caused by intoxicating liquors sold to him at a hotel kept by one Clark and owned by the defendant, it was shown that there were two bars in the building; one upstairs, the hotel bar, of which Dougherty was the bar-tender, and the other downstairs, the restaurant bar; that Dougherty frequently drank at his own bar without Clark's knowledge and without paying, and that sometimes, after he had shut up the upper bar, he went to the lower bar and drank there, not paying for the liquors, but getting them from the other bar-tender without the authority or knowledge of Clark.

The court, after referring to the claim made by the plaintiff that the evidence showed that Dougherty was, during the time he was at Clark's, in a state of partial intoxication, and that Clark must have known that the liquor he used came from his premises, charged that if Clark did understand and know that Dougherty was taking liquor there and said nothing about it, and allowed him to take it in such a way, then the jury might find, under the evidence, that he was giving it to him within the meaning of the statute.

*Held,* that the court erred in so charging, as the fact that Dougherty was intoxicated,. while it was evidence showing that he had obtained liquor somewhere and some how, did not show that he had taken it without permission from Clark.

APPEAL from a judgment, entered upon the verdict of a jury at the Saratoga Circuit for $2,125, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought by Clara Dougherty, as the wife of one John Dougherty, for damages which she claimed to have sustained by reason of the death of said John, in consequence of liquors claimed to have been sold to John in October, November and December, 1885, and January, 1886, by one William H. Clark, as. tenant of a hotel at Ballston, called the American Hotel, leased to him by defendant.

The court in its charge to the jury, after saying that Mr. Clark has been on the stand and said he didn't understand or know that Dougherty was drinking liquor at his hotel, that he gave him no liberty to, and didn't see him do it, added : " But the plaintiff contends that the circumstances are such that they show that Clark did tacitly consent that Dougherty might have liquor there, and she asks. you to find it from these circumstances that she claims to have established, that John, during the time he was at Clark's, was in a state of partial intoxication, and was in a condition that any person ought to have known he was using liquor inordinately, and the circum- stances were such that Mr. Clark must have known that the liquor he used must have come from his premises, from his bar, from the place that he had charge of ; and that was the most natural and rational construction that a sensible man, wise in affairs, taking an ordinary observation, could have arrived at. Now, if you should find that Mr. Clark did understand and well knew that John was. taking liquor there and said nothing about it, and allowed that he might take it in such a way, then you might find, under the

·evidence, that he was giving it to him within the meaning of
.the statute."

*N. C. Moak*, for the appellant.

*T. F. Hamilton*, for the respondent.

LEARNED, P. J.:

This action was commenced by Clara Dougherty, widow of John
Dougherty, to recover damages for injury to her means of support,
under the so-called "Civil Damage Act." (Chap. 646 of 1873.) On her
·death, after judgment, the plaintiff, her administratrix, was substituted.

Dougherty was a bar-tender of a hotel kept by one Clark, and
·owned by defendant.  There were two bars in the building, one
upstairs, the hotel bar; the other down stairs, the restaurant bar.
Dougherty was the bar-tender upstairs.   He frequently drank at his
own bar, without Clark's knowledge, and without paying.   Some-
times after he had shut up the upper bar he went to the lower and
drank there, not paying for the liquors, but getting them from the
·other bar-tender without the authority or knowledge of Clark.

The learned justice charged that if the bar-keeper under the hotel
had been directed not to sell or give liquor to John Dougherty, and
gave him whisky and John drank it, this was not a giving within
the statute.   The court also charged that if Clark knew that John
was taking liquor there and said nothing about it and allowed that
he might take it in such a way, the jury might find that this was
giving it to him under the statute.

If a bar-keeper, whose business it is to sell liquor, does this
without the knowledge of his employer, still this is the employer's
.act, because it is within the scope of the agent's authority,   But he
has no authority to give away his employer's liquor any more than
to give away any other property of his employer.   When he does
give away his employer's property, be it liquor or anything else, he
is acting beyond the scope of his authority, and his act is not the
.act of his employer.

The clerk in a store who gives away his employer's goods is not
(unless special authority be shown) acting within his duty, and his
.act is not that of his employer.

Perhaps, to prevent any misapprehension, we should say that
there may be cases in which, upon the grounds of negligence, an

employer might be liable for injury caused by the gift of property intrusted to a clerk. But this is not one of those cases. Though the employer may suspect that the clerk is pilfering from him, his neglect to discharge the clerk does not justify the clerk's wrong-doing or make him less liable to his employer therefor. Hence, the mere knowledge by an employer that his property has been often given away by his employee does not make the employee his agent in this act of giving. If an employee steals from his employer, certainly the employer does not give the stolen property. So, too, if the employee unlawfully converts the employer's property. Nor would the act become a gift or a sale though the employer should afterwards charge the employee for the property. (*Kreuter v. Nichols*, 28 Mich., 496.)

The learned judge very properly charged that if a man has liquor and trusts another man with it, and tells him in good faith you are not to touch one drop, and notwithstanding the man takes it and drinks, this is not a giving within the statute. But he says that the plaintiff claims that Dougherty, during the time he was at Clark's, was in a state of partial intoxication, and that Clark must have known that the liquor came from his premises; and it is in this view that the judge charged that if Clark knew that Dougherty was taking liquor and said nothing about it the jury might find that he was giving it to him within the statute.

Now, we think that this was not correct. Of course there are cases where acquiescence in the taking of property might be evidence of a gift; usually where the taking is in the presence of the owner and he does not object. But here the alleged evidence of acquiescence is that Clark saw that Dougherty was intoxicated, a result subsequent to the taking; that would be evidence that he had obtained liquor somewhere and somehow. But it would be equally consistent with his having bought it of some one else, as with his having taken it without permission from Clark. Even if it were evidence that he had taken it from Clark, Clark's subsequent silence would not make that a gift which was originally a trespass. We are dealing with a statute, harsh and penal, which makes one liable to damages for lawful acts committed by another who is not his agent. When the innocent owner of the premises is made liable in damages for acts of his tenant which are lawful and licensed by

law, the proof of such acts should be distinct. It should be shown that the tenant sold or gave, not that he did not stop the pilfering of his employees.

Of course there may be cases where a gift of liquor, as of any other property, might be inferred from circumstances without any direct words of gift. But if one discovers that his employee has stolen from him, such discovery does not turn the theft into a gift, and if he afterwards continues the employee in the same position, he does not thereby give the employee whatever he may thereafter choose to take.

The plaintiff was allowed to prove, under defendant's objection, that Clark bought liquors from defendant and owed him for a part and owed him for rent. This evidence might be material to show defendant's knowledge that liquors were to be and were sold at the hotel. But this had been admitted by the answer. The plaintiff claims that this evidence was proper, in cross-examination, to show the business relations of the witness to the defendant. The extent to which such cross-examination may go must be largely within the discretion of the trial judge, and we cannot say that this discretion was abused in this case. Some other questions are presented which it is unnecessary to consider.

The judgment and order should be reversed, and new trial granted, costs to abide the event.

LANDON and INGALLS, JJ., concurred.

Judgment and order reversed, new trial granted, costs to abide event.