## WOOD *v.* LENTZ.

1. INTOXICATING LIQUORS — SALES TO HUSBAND—CIVIL DAMAGES.
   It is not essential to the liability of a saloon keeper under the civil-damage act for injuries sustained by a wife by reason of the sale of intoxicating liquors to her husband, whereby he became an habitual drunkard, that such sales should have been made when the husband was intoxicated, or after he had become in the habit of getting intoxicated.

2. SAME—CONTINUING CAUSE OF ACTION.
   The declaration in such case may properly allege the cause of action as a continuing one.

3. SAME—WITNESSES—HUSBAND AND WIFE.
   A husband is incompetent, under 3 How. Stat. § 7546, to testify against his wife without her permission, even where she is suing for damages resulting from the sale of liquor to him.

Error to Mecosta; Palmer, J. Submitted February 1, 1898. Decided March 15, 1898.

Case by Nettie Wood against Joseph Lentz under the civil-damage act. From a judgment for plaintiff, defendant brings error. Affirmed.

*John T. Clark*, for appellant.

*Frank Dumon*, for appellee.

GRANT, C. J. Plaintiff recovered verdict and judgment for $375 against the defendant for damages alleged to have been suffered by her by the furnishing of intoxicating liquors to her husband by defendant, under Act No. 313, Pub. Acts 1887.

1. The plea was the general issue. Defendant objected to any testimony under the declaration, claiming that it did not state a cause of action. The declaration alleges sales to her husband on May 1, 1895, and on divers other days between that day and the commencement of the suit, May 15, 1896, in consequence of which he became an habitual drunkard, etc. It was not necessary to allege that the sales were made to him while he was intoxicated or an habitual drunkard. The statute makes the saloon keeper liable for all damages which result to the wife by reason of his intoxication, and any one "causing or contributing to" the intoxication is liable. 3 How. Stat. § 2283e3.

2. The declaration is not bad for duplicity. This is a civil, not a criminal, action, and *People* v. *Hamilton*, 101 Mich. 87, has no application. It was proper to allege the cause of action as a continuing one. The liability is not based upon a single act, but upon continuous ones.

3. The court committed no error in refusing to permit the plaintiff's husband to testify against her without her permission. 3 How. Stat. § 7546.

4. It is urged that the court should have directed a verdict for defendant because there was no evidence of any sales or furnishing of liquor to her husband, within the time alleged, with the knowledge or consent of defendant. We have examined the record, and find plenty of testimony to sustain the verdict. It is unnecessary to set it forth. The entire question of liability was left to the jury, under full and correct instructions.

Judgment affirmed.

The other Justices concurred.