SCHNELL v. MICHIGAN BONDING & SURETY CO.

1. INTOXICATING LIQUORS—DRUNKARDS — CIVIL-DAMAGE ACT—UNLAWFUL SALES—DEATH.

In a civil-damage action under 2 Comp. Laws, § 5398 (2 How. Stat. [2d Ed.] § 5074), by a married woman, for illegal sales of liquor to her husband, a declaration averring that her husband provided for her support until a certain date after their marriage, when he began drinking intoxicants to excess; that he gradually became a common drunkard and died of excessive use of intoxicating liquors; that defendant saloon keepers sold and continued to sell to decedent such liquors, making him a drunkard, and that knowing him to be such, sold liquor to him from day to day, causing him to become worse, and that she had requested defendant liquor dealers not to furnish intoxicants to her husband, but they had failed to conform to her request, etc., stated a cause of action against them for contributing to the downfall of the decedent.

2. SAME—DECLARATION—DUPLICITY—HABITUAL DRUNKARD.

The declaration was not demurrable for duplicity, because

the sales made to plaintiff's husband were charged to have been made when he was intoxicated and when he had become an habitual drunkard, and also, when he was a common drunkard, since the pleading alleged that the sales were made to a single individual and contributed to produce a common result, i. e., the making of decedent a common drunkard.

3. PLEADING—TIME—DATE.

The common law required a declaration to state a time when every material, traversible fact happened.

4. SAME—INTOXICATING LIQUORS—TIME OR DATE OF SALE.

A reasonable requirement, pursuant to this rule of pleading would be to state the time when some of the illegal sales took place or give dates between which the same occurred; the averment being material and important.

5. SAME—SALES.

The declaration was insufficient and open to demurrer, although it stated that plaintiff's husband began to use intoxicating liquors to excess shortly after May 1, 1905, and defendants sold and continued to sell to him after he became such habitual user; dates between which the unlawful sales took place should be stated; since no bill of particulars can be demanded in tort cases, a demurrer was the proper method of raising the objection.

Error to Kalamazoo; Knappen, J. Submitted June 6, 1913. (Docket No. 10.) Decided December 19, 1914.

Case by Matilda L. Schnell against the Michigan Bonding & Surety Company and others for unlawfully selling intoxicating liquors to plaintiff's husband. Plaintiff reviews an order sustaining demurrers to plaintiff's declaration by writ of error. Affirmed.

*William R. Fox* and *Robert L. Campbell,* for appellant.

*A. F. Bunting,* for appellee Michigan Bonding & Surety Co.

*Alfred J. Mills* and *Harry C. Howard,* for appellees Oscar S. Anderson and others.

BIRD, J. The plaintiff brought this suit under the civil damage act (Act No. 313, Pub. Acts 1883), § 20 (2 Comp. Laws, § 5398; 2 How. Stat. [2d Ed.] § 5074)., against 47 Kalamazoo saloon keepers and their surety, the Michigan Bonding & Surety Company, to recover damages for the loss of her support, etc., occasioned by the intemperate habits and death of her husband, Louis P. Schnell.

The declaration was demurred to by all of the defendants. The grounds of demurrer are numerous, but reliance is principally placed upon the grounds:

(1) That the declaration failed to state a cause of action against the defendants, either jointly or severally.

(2) That it is bad for duplicity.

(3) That the allegations as to the element of time are too indefinite and uncertain to enable the defendants to make ready their defense.

1. The declaration shows that plaintiff was the legal wife of Louis P. Schnell; that after their marriage in July, 1891, he was a kind and indulgent husband, and provided support for her until "shortly after May 1, 1905," when he began drinking intoxicating liquors to excess; that the habit grew on him until he became a common drunkard; and that later, in October, 1911, he died as a result of such intoxication. The declaration then sets out in detail the period when each defendant was engaged in the saloon business in the city of Kalamazoo, the approval and filing of his bond, also the location of his business, and, if his surety was the defendant the Michigan Bonding & Surety Company, that fact is stated. It then alleged that:

"Shortly after May 1, 1905, the said Louis P. Schnell began to use intoxicating liquors to excess; which they, the said defendant saloon keepers and the other saloon keepers hereinbefore named, by their agents, servants, bartenders, and by themselves, then and there sold and continued to sell him, until the said Louis P. Schnell became and was an habitual user of

intoxicating liquors to excess, and ultimately made a common drunkard of the said Louis P. Schnell; that after the said Louis P. Schnell was made a common drunkard by the said defendant saloon keepers and the other saloon keepers hereinbefore named, they continued and, knowing him to be a common drunkard, and knowing that he became a common drunkard through the unlawful sales, they continued to sell him intoxicating liquors from day to day and from week to week, until his condition in that regard grew constantly worse.

"And plaintiff further avers that she has often requested the said defendants and the other saloon keepers hereinbefore named not to sell, and has forbidden them selling intoxicating liquors to her husband, Louis P. Schnell; that the said saloon keepers and each of them, wholly disregarding her request, continued to sell and did sell thereafter intoxicating liquors to her said husband, by themselves, their agents, servants, and bartenders, thereby causing him to become an habitual drunkard as above set forth.

"Plaintiff further avers and expressly charges that the said saloon keepers and liquor dealers, well knowing that the said Louis P. Schnell had a wife, and that he was a person in the habit of getting intoxicated, through their agents, servants, and bartenders and by themselves, sold and continued to sell him intoxicating liquors; that they, the said saloon keepers and liquor dealers, well knowing the premises aforesaid, sold the said Louis P. Schnell intoxicating liquors, notwithstanding the fact that they knew he was a person in the habit of getting intoxicated, and that such sales were unlawful, and that he had a wife dependent upon him for her support and maintenance."

Following these allegations are allegations of the capacity of her husband to earn money, the business in which he was engaged, and the disgrace, poverty, and loss of support which plaintiff suffered by reason of such wrongful sales.

These allegations are sufficient, if proven, to show that the defendants contributed, by illegal sales, to her husband's downfall, and stated a case within the statute against them, jointly.

2. It is said that the declaration is duplicitous because it alleges sales to a person when intoxicated, to a person in the habit of becoming intoxicated, and sales making the person a common drunkard. When such allegations have reference to sales made to a single individual, and such sales are averred to have contributed to produce a certain result, namely, the making of a common drunkard of that individual, the declaration is not thereby made duplicitous.

3. Complaint is made that the declaration does not inform the defendants with reasonable certainty when the several material acts therein charged took place, and by way of specification it is asserted that no date is fixed when any illegal sale was made to plaintiff's husband. The common-law rule of pleading requires the declaration to state "a time when every material, traversible fact happened generally." 31 Cyc. p. 105. The averment of illegal sales by the defendants is a material and important averment in this declaration, and a reasonable compliance with the rule would require the time to be stated when they or some of them were made. Plaintiff does not contend otherwise, but meets this objection by stating that the fact is alleged under a continuendo. Such an allegation is permissible under a former holding of this court. *Wood* v. *Lentz,* 116 Mich. 275 (74 N. W. 462). But if we concede that it is so alleged, the time of the unlawful sales should be fixed between two dates, and that has not been done. The declaration states that "shortly after May 1, 1905, the said Louis P. Schnell began to use intoxicating liquor to excess," and that the defendants sold and continued to sell to him until he became an habitual user of intoxicating liquor to excess. This allegation falls short of alleging the date of illegal sales, because after he began using intoxicating liquor to excess, and before he became an habitual user of them, the sales to him were not neces-

sarily unlawful. "Shortly after May 1, 1905," is the date fixed when he began to use intoxicating liquors to excess, and not when an illegal sale was made. The common-law rule with reference to the allegation of time has been much modified in recent years, especially where it was not material; but the modification has not gone so far as to relieve plaintiff from the necessity of stating some time when the acts were committed which gave rise to her cause of action. If the omission complained of could be supplied by a bill of particulars as a matter of right, it could be overlooked; but, being an action in tort, no bill can be demanded as of right. *Kehrig* v. *Peters,* 41 Mich. 475 (2 N. W. 801). Demurrer, therefore, was defendants' only remedy to compel reasonable certainty in this respect.

The demurrer must be held good on this ground, with leave to plaintiff to amend in the trial court. Defendants will recover costs in this court.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, MOORE, and STEERE, JJ., concurred.