BOYLON *v.* RELIABLE CARTAGE CO.

1. TRIAL—DIRECTED VERDICT.
   In action for death of plaintiff's decedent, caused by automobile colliding with defendant's truck, court's ruling granting defendant's motion for directed verdict assumes truth of plaintiff's testimony.

2. MOTOR VEHICLES—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.
   Where testimony shows that plaintiff's decedent, driving automobile around curve on dark, misty morning, could see defendant's truck across pavement 100 or 125 feet away, but he failed to stop, and struck truck with great force, he was properly held guilty of contributory negligence as matter of law, since he failed to exercise care called for under circumstances.

Appeal from Superior Court of Grand Rapids; Verdier (Leonard D.), J. Submitted January 27, 1932. (Docket No. 218, Calendar No. 36,216.) Decided April 4, 1932.

Case by Fannie E. Boylon, administratrix of the estate of Fred M. Boylon, deceased, against Reliable Cartage Company, a corporation, for personal injuries resulting in the death of plaintiff's decedent, alleged to be due to defendant's negligence. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Dilley & Dilley,* for plaintiff.

*Dunham, Cholette & Allaben,* for defendant.

McDONALD, J. This action was brought to recover damages for injuries resulting in the death of Fred M. Boylon, the plaintiff's decedent, who was

killed when an automobile in which he was riding crashed into a truck standing across the road on M-16 at a curve two miles west of Portland. The automobile belonged to Mr. Boylon and was being driven by his son, Tom. The time of the accident was about six o'clock in the morning of February 27, 1930. It was dark. Mr. Campbell, a friend of the Boylons, was riding with them. They left Grand Rapids about five o'clock in the morning, intending to go to Detroit. The plaintiff says it was not raining or misting, and that the pavement was dry until they reached the point where the collision occurred; that the lights of the car were full on showing a distance of 200 feet ahead; that after they had traveled about 40 miles and were rounding a curve at a speed of 35 miles an hour, they saw the defendant's truck standing across the road about 100 or 125 feet away; that the driver applied his brakes and would have been able to avoid the collision had it not been for a strip of undiscernible ice close by where the truck was standing; that when the automobile hit this ice it skidded into the rear end of the truck despite the efforts of the driver to control it. As a result of the impact, the three occupants of the car were thrown out and both of the Boylons were killed. It is the claim of the plaintiff that her decedent was free from negligence, and that the proximate cause of the accident was the negligence of the defendant in leaving the truck standing unlighted across the highway.

The defendant denies that it was negligent, and claims from the evidence presented by the plaintiff that her decedent was guilty of contributory negligence as a matter of law. On this ground, and that there was no evidence of its negligence, the defendant moved for a directed verdict at the close of the proofs. The motion was granted, and a judgment

entered in favor of the defendant. The plaintiff has appealed.

In considering the question of contributory negligence, the condition of the road from Grand Rapids to the place of the accident is important, because it bears on the care which the driver of the automobile should have used in approaching the truck. On that question the evidence is very conflicting, but there is no dispute about the existence of a strip of ice at the point of collision. As the court's ruling on the motion for a directed verdict assumes the truth of the plaintiff's testimony, we take it as a fact that the pavement from Grand Rapids to the place of the accident was dry, and that the driver of the automobile had no reason to expect ice anywhere on the road; that his lights were full on and he could see 200 feet ahead except in rounding the curve, where his vision was reduced to 100 feet; that when he first saw the truck it was 100 or 125 feet away; that he was then driving around a curve at a speed of 35 miles an hour and could stop within a distance of 60 or 65 feet on dry pavement. The question is, Why did he not stop? Was it because of ice on the pavement or because of unreasonable and improper speed under the circumstances? The plaintiff says it was a question for the jury, and cites *Diederichs* v. *Duke,* 234 Mich. 136, in support of her contention. In that case, Mrs. Diederichs was driving behind a speed-wagon with a trailer attached. She claimed she was going 12 miles an hour; that she had her dimmers on, but could see 20 or 25 feet ahead; that she could stop her car on dry pavement within 10 or 12 feet; that she saw the trailer and immediately applied her brakes; that she would have been able to stop had it not been that just behind the trailer was a small strip of ice over which she skidded, unable to control

her car and avoid a collision. In these circumstances this court held that whether she was negligent was a question for the jury. In that case she was driving 12 miles an hour or less when she hit the ice. In the instant case, the driver of the automobile is dead and no living witness assumed to estimate the speed of the car when it hit the ice. But the force of the impact with the truck is evidence of its speed. It struck the corner of the rear end of the truck, tore loose and ran from 25 to 50 feet along the shoulder of the road before it slowed down and stopped in some loose gravel. It did not turn over. The occupants were thrown out by the force of the impact. From the serious results to the occupants of the car, and the fact that it was not stopped by its collision with a standing truck, it is clearly evident that it was traveling at a high rate of speed. Was the speed unreasonable and improper under the existing conditions? Was it due to the negligence of the driver? The evidence shows that, regardless of the icy strip of pavement near the truck, he had time and opportunity to stop his car before the collision, or at least to reduce the speed to such an extent as to render the impact comparatively harmless. He saw the truck when he was 100 or 125 feet from it. He knew it was standing across the road, an obstacle in his way. It was a warning to him of danger. He was driving in the dark around a curve. The situation called for the exercise of care in approaching the truck. He had 100 or 125 feet to travel before he reached it. Over this distance the pavement was dry until near by the truck. The plaintiff's witness, Mr. Campbell, did not know how far the icy condition extended in the direction from which they were coming, but Mrs. Shindorf, also a witness for the

plaintiff, testified: "There wasn't any ice except at the truck."

The distance which the driver of the car had to travel on a dry pavement before he reached the truck gave him ample time and opportunity to stop and avoid a collision. That he made no reasonable effort to do so is evident. Instead, he went forward and covered the distance of 100 or 125 feet at such a speed that he crashed into the truck with a force so great that the three occupants of the car were thrown out and two of them instantly killed. Because he had timely warning of the danger, and by the exercise of reasonable care could have avoided it, the driver of the car was guilty of contributory negligence. The icy pavement "right near the truck" may have been a contributing factor in producing the injury, but if so it was slight. The principal cause was the speed of the car at the time it reached the ice. In view of the circumstances, it must be held to have been unreasonably excessive. The court did not err in directing a verdict in favor of the defendant on the ground that the plaintiff's decedent was guilty of contributory negligence as a matter of law. The judgment is affirmed, with costs to the defendant.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.