STANKRAUFF *v.* DeVOE.

1. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE—TRAILERS
   PARKED ON PAVEMENT.

   In action by passenger of car which collided with trailer parked
   on right side of pavement, early on a dark and foggy morning
   late in January, question of whether driver of car in which
   plaintiff was riding was guilty of contributory negligence im-
   putable to plaintiff *held*, for jury under evidence showing car
   to have been driven at speed of 35 miles an hour, that on
   previous occasions on this trip within 15 miles brakes had been
   applied without the car having skidded although it skidded
   for some distance before colliding with trailer.

2. PLEADING—ISSUES RAISED—IMPUTED NEGLIGENCE.

   Whether plaintiff was a passenger for hire in car which collided
   with defendant's trailer, thus avoiding imputation to her of
   negligence of her driver, *held*, not raised by pleadings.

3. SAME—AMENDMENT—DISCRETION OF COURT—NEW TRIAL.

   In action for personal injuries received when car in which plain-
   tiff was riding collided with defendant's trailer parked on the
   pavement of a trunkline highway, refusal to permit amend-

ment of declaration to raise issue as to whether plaintiff was a passenger for hire *held,* not an abuse of discretion where driver of car was not present at the trial, such issue was not raised by pleadings on file prior to trial and was first raised at the trial, although such ruling is made without prejudice to plaintiffs right to make a new motion to amend and the exercise of judicial discretion thereon where a new trial is granted.

Appeal from Oakland; Doty (Frank L.), J. Submitted October 6, 1937. (Docket No. 33, Calendar No. 39,602.) Decided November 10, 1937.

Case by Elizabeth Stankrauff against Eugene DeVoe for personal injuries sustained in a motor vehicle collision. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed with new trial.

*Kinnane & Manary,* for plaintiff.

*Alexander, McCaslin & Cholette,* for defendant.

FEAD, C. J. On January 26, 1933, about 15 miles south of Mt. Pleasant on US–27 and one-half mile south of the county line, defendant's tractor became disabled. The tractor was hauled away for repairs but a semi-trailer and a four-wheeled trailer were left standing in the west lane of the highway.

The next morning, about 6:45 o'clock, one Pearce started south from Mt. Pleasant with plaintiff's husband riding in the front seat with him and plaintiff and another woman in the rear seat. The car ran into the trailer, injuring the plaintiff.

In action for damages, defendant had directed verdict and judgment on the ground that Pearce did not drive at such speed that he could stop within the assured clear distance ahead.

The evidence is in conflict in some respects, rather uncertain and indefinite in others, and Pearce was not sworn. But the testimony most favorable to the plaintiff includes the following facts:

The weather was foggy in spots and it was dark; with the lights of Pearce's car dimmed one could see ahead 70 feet or more; the Pearce car traveled at a speed consistently of about 35 miles per hour or less and could be stopped in 30 to 32 feet; about 8 miles out from Mt. Pleasant, at a gasoline station, Pearce applied the brakes and stopped the car without skidding; at a curve about a half mile from the trailers, he applied the brakes to slow down and did not skid; south of the curve he met another car and dimmed his lights; when 50 to 100 feet from the trailers, Pearce again applied his brakes and the car skidded to and struck the trailer; Pearce applied the brakes immediately when plaintiff, keeping watch ahead, first saw the trailer; both the plaintiff and her husband saw lights but their testimony is confusing and contradictory as to whether there were flares on the road north of the trailers; the husband thought the light he saw was about halfway between the trailer and the car when Pearce applied his brakes.

Another witness, Dr. Pullen, drove south on the road within an hour before the Pearce party; fearing that the road might be slippery he tested it with brakes about every mile and found it safe; he drove at a speed of 50 miles per hour; after rounding the curve a half mile north of the trailer, he saw a red light, saw cars swerve to the left and, on applying his brakes to slacken speed, his car skidded across and off the road and back and off the road on the other side, but he righted it and passed the trailer; he was from 20 to 50 rods north of the trailer when he applied his brakes; instead of continuing his

journey he went back to Mt. Pleasant; on the way back he tested the road and found it slippery to a point about at the county line.

Directly after the collision another witness took the injured women in his car and traveled to Mt. Pleasant at a rate of 55 miles per hour. The court excluded an answer to the important question whether this witness had trouble with his car skidding on the north journey.

If the jury should accept this testimony as true, we think it would be justified in finding that southbound travelers found the road safe for a long enough distance that they would not be charged with anticipating an icy condition between the county line and the trailer; that the slippery condition of the road in that space would not necessarily be known until one applied his brakes; that Pearce applied his brakes in ample time to stop and avoid collision if the road had not been unexpectedly slippery; and, consequently, that he was not guilty of contributory negligence; *Diederichs* v. *Duke,* 234 Mich. 136.

At the trial plaintiff claimed the right to show that she was a passenger for hire and, therefore, that Pearce's negligence, if any, would not be imputed to her. The court held that the pleadings did not warrant such evidence. In this we concur. It also refused plaintiff permission to amend. In view of the fact that this claim raised an issue not within the pleadings, was first made during the trial, and because Pearce was not present to enable defendant to discover the fact from him, there was no abuse of discretion in denying the amendment. This ruling, of course, is without prejudice to plaintiff's right to make a new motion to amend and the exercise of judicial discretion thereon.

Plaintiff raises other points as to the admission of evidence and otherwise, but they are of minor consequence, are not liable to arise on another trial, and need no discussion. However, it might be remarked that plaintiff is entitled to make full inquiry into the condition. of the road adjacent to, and north of, the trailers. .

Reversed, with new trial and costs.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.