## GUYE *v.* DOMAS.

### BOUGHNER *v.* SAME.

1. Trial—Directed Verdict—Evidence.

   In directing a verdict for a defendant the trial court must view the testimony in the light most favorable to plaintiff.

2. Automobiles—Negligence—Plaintiff's Burden of Proof.

   In order that a plaintiff may recover for injuries alleged to have been sustained because of defendant's negligence in case arising from a collision of automobiles, plaintiff must prove his freedom from contributory negligence as well as the negligence of defendant.

3. Same—Contributory Negligence—Burden of Proof.

   In action arising out of collision between automobiles on paved highway at 1:30 a. m., on a cold day late in January, plaintiffs' failure to show their car was on the proper side of the highway when the accident occurred precludes recovery by either the driver or the owner.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 13, 1938. (Docket No. 105, Calendar No. 40,020.) Decided June 6, 1938.

Separate actions of case by Theodore Guye and Loren Boughner against George Domas for injuries sustained in an automobile collision. Cases consolidated for trial and appeal. Directed verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Johnson & Johnson,* for plaintiffs.

*Cadwell, Kleinert & Blanchard* and *Pelton & McGee,* for defendant.

Sharpe, J. Theodore Guye and Loren Boughner each brought an action against George Domas for damages sustained in an automobile accident. The cases were tried together and at the close of plaintiffs' case, defendant made a motion for a directed verdict upon the theory that plaintiffs had not shown that the driver of plaintiffs' car was free from contributory negligence.

The material facts are not in dispute. It appears that about 1:30 a. m., on January 24, 1937, Theodore Guye was driving a Ford car owned by Loren Boughner from Rochester, Michigan, to Pontiac, Michigan; and collided with a Plymouth sedan owned and driven by defendant Domas who was proceeding in an easterly direction on the same highway.

The road upon which both parties were operating their cars is a two-car-lane highway about 24 feet wide with gravel shoulders about three or four feet wide. The night was cloudy and cold; and the pavement was slippery in spots.

The only evidence as to the manner in which plaintiff Theodore Guye was driving the car is as follows:

"I would say that the speed of my car wasn't over 40 miles an hour, before this accident happened."

"*Q.* Could you see the road ahead of you?

"*A.* Yes, sir.

"*Q.* Could you see the mid line of the road?

"*A.* Yes, sir.

"My lights were on at the time this accident happened. * * * I could see the highway ahead of me

150 feet. I could see down the highway with my lights 150 feet. * * * Cars passed me before the accident. I didn't see the car that struck me. I was talking with Boughner and woke up in the hospital. I was looking down the road. I didn't see this car coming towards me. My lights illuminated the road for 150 feet, I would say, to my best estimation."

"*Q.* You were moving at the time this accident happened, weren't you, Mr. Guye?

"*A.* Yes.

"*Q.* Didn't slacken your speed any time immediately before the crash occurred, did you?

"*A.* I don't believe I did."

"*Q.* This was a head-on collision, wasn't it, witness?

"*A.* Well, sir, I have looked at the car since, I don't believe—

"*Q.* Do you know?

"*A.* No, I don't know."

In directing a verdict for the defendant we have in mind that the trial court must view the testimony in the light most favorable to plaintiff, *Boylon* v. *Reliable Cartage Co.,* 258 Mich. 5; and in order that plaintiff may recover he must prove his freedom from contributory negligence as well as the negligence of defendant, *Faustman* v. *Hewitt,* 274 Mich. 458.

In denying motion for a new trial the trial court found as follows:

"It must be here noted that he (plaintiff driver) failed in this testimony to place the time of his observation and also he failed to state where his car was with reference to the center line of the highway at or previous to the time of the accident. He also failed to state that he was driving on his right-hand side of the road."

The failure of plaintiff Theodore Guye to show that he was on the proper side of the highway when the accident occurred precludes recovery.

The judgment of the lower court is affirmed. Defendant may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.