HAUTALA *v.* COCHRAN.

SILAMPA *v.* SAME.

1. AUTOMOBILES—NEGLIGENCE—QUESTION FOR JURY—JACKKNIFED TRACTOR AND SEMITRAILER ON ICY HILL—WARNING.

In actions for injuries sustained by plaintiffs as car in which they were riding collided in the evening early in February with defendant's tractor and semitrailer with its 10-ton load after outfit had slid backwards and jackknifed itself across gravel highway about 300 feet southerly from crest of hill at a place where the snow was packed and ice had formed, evidence *held*, sufficient to take to jury the question of whether truck driver's negligence proximately caused accident, where he is shown to have put a block under left wheel of the semitrailer causing it to obstruct road and testimony is such he may have been found to have failed to give timely warning to approaching traffic (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

2. SAME—CONTRIBUTORY NEGLIGENCE—HILLS—SPEED—ICE.

In actions for injuries sustained by plaintiffs whose car collided on a winter evening with defendant's tractor and semitrailer with 10-ton load after outfit had jackknifed across highway about 300 feet from crest of hill over which plaintiffs had come, where testimony shows plaintiffs' driver had slowed down to about 20 or 25 miles an hour and when about 50 feet from trailer saw it across road and applied brakes and for first time encountered ice which prevented him from stopping before collision, the question of contributory negligence was for jury (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

3. APPEAL AND ERROR—INSTRUCTIONS—NEGLIGENCE.

In action for injuries to plaintiffs who came over hill on a winter evening and collided with defendant's jackknifed tractor and semitrailer, which had been parked so as to put on chains to climb remaining 300 feet to top of hill about a third of a mile long, instructions that it was the duty of defendant's driver to avoid injury to others especially if his equipment obstructed wrong side of road, whether or not such obstruction could have been avoided by the exercise of ordinary care, and that sliding backwards was not due to inadequacy of brakes *held*, not to have been prejudicial to defendant when taken as a whole (1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933).

4. DAMAGES—PERSONAL INJURIES—AUTOMOBILES—LOSS OF EARNINGS.

Verdict in the sum of $3,277 to plaintiff for painful injuries to herself and husband *held*, not excessive where her eyesight is affected and injury done to her nervous and physical being, each sustained loss of earnings, and damage to car was about $500.

5. SAME—PAIN AND SUFFERING—PARTIAL PERMANENT LOSS OF EARNING CAPACITY.

Verdict of $3,000 to plaintiff who sustained painful bodily injuries, substantial loss of earnings, and at age 28 a 15 per cent. partial permanent disability in earning capacity *held*, not excessive.

Appeals from Gogebic; Driscoll (George O.), J. Submitted April 18, 1939. (Docket Nos. 39, 40, Calendar Nos. 40,312, 40,313.) Decided June 22, 1939. Rehearing denied September 6, 1939.

Separate actions of case by Esther Hautala and John Silampa against William D. Cochran, doing business as W. D. Cochran Freight Lines, for personal injuries sustained when automobile in which they were riding ran into defendant's truck. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendant appeals. Affirmed.

*W. F. Pellow* (*S. W. Patek*, of counsel), for plaintiffs.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.*, for defendant.

NORTH, J. These suits arise out of a collision between the automobile in which plaintiffs were riding and defendant's truck. They were combined for trial. The automobile was owned and driven by Arvo Hautala, but his claim for damages in consequence of personal injuries, medical care for his wife, loss of wife's services, and injuries to his automobile was assigned to his wife, Esther Hautala. She seeks damages for the injuries sustained by her husband and also for her own personal injuries. Plaintiff John Silampa seeks damages for his personal injuries, expenses of hospitalization, loss of time, et cetera. In each of the two cases the respective plaintiffs had verdict and judgment thereon. Defendant has appealed.

About 9 o'clock in the evening of February 2, 1937, Mr. and Mrs. Hautala and John Silampa were in an automobile, on their way to Crystal Falls. When they were some 5 or 6 miles north of Crystal Falls and proceeding in a southerly direction on US-141, they passed over the peak of a long hill and started down the southerly slope. Before reaching the summit Hautala saw the reflection of

the lights of an approaching vehicle coming from the south and he testified that he slowed down the speed of his car to 20 or 25 miles per hour. Defendant's driver, operating a truck tractor and semitrailer, was proceeding northerly with approximately a 10-ton load. The semitrailer was 22 feet, 8 inches long. The driver was not using chains on his tractor. This was a graveled highway, but the surface was covered with packed snow and there was some ice at or near the point of accident. At this place there were guard rails along the roadside, the distance between them being about 32 feet. These rails were 38 inches high and snow had been pushed against them by the snow plows, forming a bank about three feet wide inside of the guard rail on either side, and these banks were higher than the rails. The hill which defendant's truck driver started to ascend was substantially a third of a mile long. He testified when he got about 300 feet from the top of the hill his tractor wheels began to spin and he stopped in the right hand lane of the highway close to the bank of snow for the purpose of putting on his chains. He set his brakes, left his engine running, got out of the cab, and placed a block under the left-hand wheel of the semitrailer. But before the block was placed, the truck and trailer started to move backwards and had proceeded six inches to a foot. Even after the block was placed the trucking equipment continued to slide backwards for a distance of about 33 feet. In this backward movement the trailer jackknifed, so that when it stopped it was standing nearly at right angles across the highway and within a couple of feet of the snow bank on the westerly side. The brakes on the tractor were set tight enough so that the tractor wheels were locked during the course of the backward movement.

As Hautala approached the point of accident he was facing and saw the lights on the tractor; but with the lights in his eyes he did not see the trailer crosswise of the road until he was 60 to 75 feet from it. Plaintiffs claim that inability to see this trailer was due in part to its being of a color similar to the surface of the highway itself where the icy snow and gravel were mixed. While Hautala had previously applied the brakes somewhat and to some extent slackened his speed, when he discovered the trailer across the road he immediately applied his brakes full force. Plaintiffs claim Hautala could have stopped before reaching the trailer, except for the fact that an unexpected icy condition of the highway extended from about 50 feet north of the point of collision to about the same distance south. The automobile struck the trailer with considerable force, and the damage resulted for which recovery is sought in these two cases.

Among the negligent acts with which plaintiffs charge defendant are that the driver of defendant's truck and trailer, in violation of 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Stat. Ann. § 9.1565), did not drive the same in a careful and proper manner having due regard for traffic, the surface and width of the highway and other conditions then and there existing; that defendant's driver did not keep the vehicle in his charge under proper control; that he negligently produced a dangerous condition in the highway; that the van in his charge was parked on the wrong side of the highway; that defendant's equipment was not provided with adequate brakes; and that defendant's driver negligently failed to give proper warning of the dangerous condition which he had caused. An act of alleged negligence, particularized

by plaintiff, is that defendant's driver placed the block under the left wheel of the semitrailer knowing that by placing it under the left wheel, instead of the right wheel, in event his equipment slid back down the hill, it would have a tendency to throw the semitrailer to the west and across the highway instead of to the east and out of the highway. Plaintiffs also charge that defendant's driver was negligent in operating the tractor on the snow-covered roads and attempting to proceed up the hill where the accident happened without placing chains on the tractor.

Our investigation of the record satisfies us that there was testimony of negligence of a character alleged and, therefore, a question for the jury as to negligence was presented. It was for the jury to determine from all of the attendant circumstances disclosed by the testimony whether defendant's driver was guilty of negligence which was the proximate cause of the accident. Surely the act of the driver in placing the block under the left wheel of the semitrailer, which would have a tendency to draw the trailer in its backward movement across the highway, might be found to have constituted negligence. Further, if for any reason the jury did not give full credence to the driver's testimony, negligence might have been found from failure to give timely warning to approaching traffic. Appellant's contention that the record contains no testimony tending to establish negligence on the part of the defendant cannot be sustained.

Appellant contends it was not only entitled to a directed verdict on the ground that there was no evidence of actionable negligence on the part of defendant's driver but also on the ground that Hautala is shown to have been guilty of contributory negligence as a matter of law and that his contributory

negligence is imputable to each of these plaintiffs. Appellant asserts that Hautala was guilty of contributory negligence in that, in violation of 1 Comp. Laws 1929, § 4697, as amended by Act No. 119, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 4697, Stat. Ann. § 9.1565), he was driving the automobile in which plaintiffs were riding at an excessive rate of speed, considering the surrounding circumstances on the highway, and at a speed greater than would permit him to stop his automobile within the assured clear distance ahead; that he did not have his automobile under control as he approached the point of accident; and further, that the physical facts, particularly the damages to his automobile, conclusively show Hautala was guilty of contributory negligence. There is testimony in the record from which the fair conclusion may be drawn that had not the highway at or near the point of the accident been icy, Hautala, who had no knowledge or warning of this condition, would have been able to have stopped his car after discovering the semitrailer across the highway and before the collision. This icy condition of the highway was unknown to Hautala or the plaintiffs in this case. They had not encountered such a condition in the highway over which they had passed for a number of miles before reaching the place of the accident. Disinterested witnesses corroborated plaintiffs' testimony as to the icy condition near the point of accident. There was testimony that the back end of the trailer was so near to the snow bank on the west that plaintiffs' auto could not pass.

We think the record is such that it fairly presents an issue of fact for the jury as to whether Hautala was guilty of contributory negligence; and that it would have been error had the trial court held him guilty of contributory negligence as a matter of law.

*Stankrauff* v. *DeVoe,* 281 Mich. 660; *Park* v. *Gaudio,* 286 Mich. 133.

Appellant contends there was error in the following extracts from the charge to the jury:

"It became and was his duty to exercise reasonable care and precaution to avoid injury to others in consequence of the stoppage of the truck on the road and this was especially true if the truck or van obstructed the westerly side or southerly line of the highway.    *    *    *

"You have a right and should consider in this connection whether or not in the exercise of ordinary care, under the circumstances, the truck driver might not have avoided the obstruction of the other side of the highway by blocking his vehicles, the truck and van, in a better manner, by turning the wheels so that if the truck and van did slide back and jackknife it would not obstruct the other side of the road by using different or better means of blocking than was used.    *    *    *

"It is not at all clear how long the truck was there before the collision actually occurred, except as we get it from the truck driver and whether he is telling the truth or not is a matter for you to decide. *    *    *

"If the wheels were locked and they slid, they must have done so in consequence of the weight, or nature of the road and icy condition of the road and the vibration caused by the engine of the truck or for some other reason and not in consequence of the inadequacy of the brakes.    *    *    *

"You have a right, however, to consider on the question of whether or not the truck driver exercised ordinary care under all of the circumstances —the evidence as to whether or not he turned his wheels to the right and stopped the motor."

In each instance if the quoted portion of the charge is read in connection with the context it

will be found not to have been prejudicial to defendant. Taken as a whole the charge to the jury was clear and fully as favorable as defendant could rightly ask. The trial judge in his charge entirely withdrew from the jury's consideration any claim on plaintiffs' part that there was actionable negligence in that defendant's truck was not equipped with adequate brakes, or on the sole ground that the driver, when he stopped the truck, did not turn the front wheel to the right. The controverted issues of fact were clearly outlined in the charge and impartially submitted to the jury for determination. As applied to this case the charge was free from reversible error.

We cannot accept appellant's contention that the verdict in either of these cases was excessive. For herself and her husband Mrs. Hautala recovered $3,277. Each of these two sustained painful physical injuries. There is testimony that Mrs. Hautala's eyesight has been affected and injury done to her nervous and physical being. Each sustained loss of earnings. Damage to the Hautala automobile was approximately $500. Aside from compensation for damage to the automobile, the amount received by Mr. and Mrs. Hautala was less than $1,500 each. Plaintiff Silampa, who recovered $3,000, also suffered painful bodily injuries, substantial loss of earnings, and, at the age of 28 years, according to competent testimony, has suffered a 15 per cent. partial permanent disability in earning capacity. We would not be justified in disturbing the amount of the verdict in either case.

The judgments are affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.