NEVILL *v.* MURDEY.

1. APPEAL AND ERROR—MOTION FOR JUDGMENT NON OBSTANTE VERE-
   DICTO—EVIDENCE.
   Plaintiff's testimony is accepted as true on appeal from denial
   of defendant's motion for judgment *non obstante veredicto.*

2. AUTOMOBILES—NEGLIGENCE AS MATTER OF LAW—SPEED—NIGHT-
   TIME—STOPPING.
   It is negligence as a matter of law for one to drive an auto-
   mobile along a public highway in the dark at such speed
   that it cannot be stopped within the clear distance that
   objects can be seen ahead of it by its driver (CL 1948,
   § 256.305).

3. SAME—CONTRIBUTORY NEGLIGENCE—SPEED—ASSURED CLEAR DIS-
   TANCE AHEAD—UNEXPECTED ICE.
   Plaintiff motorist was guilty of contributory negligence as a
   matter of law where, notwithstanding he had seen head-
   lights of defendant's tractor-trailer combination some half
   mile away while traveling at 35 miles an hour early on a
   midwinter morning, plaintiff reduced his speed only to 20
   miles an hour and continued against blinding lights to within
   12 or 15 feet before applying brakes to stop, the testimony
   showing he would have been unable to stop within the
   assured clear distance ahead even had there not been an
   unexpected film of ice on the pavement not present else-
   where (CL 1948, § 256.305).

Appeal from Bay; Leibrand (Karl K.), J. Sub-
mitted April 17, 1952. (Docket No. 31, Calendar No.
45,375.) Decided May 16, 1952.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 947.
[2] 5 Am Jur, Automobiles §§ 166, 689.
[3] 5 Am Jur, Automobiles §§ 423, 429, 725, 726.

Case by John T. Nevill against Mary E. Murdey and another, doing business as Murdey Cartage Company, for damages suffered in an accident. Verdict and judgment for plaintiff. Defendants appeal. Reversed and remanded for entry of judgment for defendants.

*T. George Sternberg,* for plaintiff.

*Smith & Brooker,* for defendants.

Boyles, J. Plaintiff sued to recover damages resulting from a collision on State trunk line highway 71 in Shiawassee county between an automobile driven by plaintiff and a trailer attached to a tractor, owned by the defendants. During a trial by jury the defendant moved for a directed verdict on the ground that the proofs showed the plaintiff guilty of contributory negligence as a matter of law. The court reserved decision on the motion and submitted the case to the jury, resulting in verdict for the plaintiff. The defendants' subsequent motion for judgment *non obstante veredicto* was denied, and they now appeal from the judgment entered for the plaintiff. The only question for review is whether the plaintiff's negligence, which the court submitted to the jury, was a question of fact, or whether plaintiff was guilty of contributory negligence as a matter of law. Under the circumstances, plaintiff's testimony is accepted as true.

At about 7:30 in the morning of January 4, 1949, plaintiff was driving his automobile northwesterly on State highway 71, a 2-lane paved trunk line. The defendants' driver of the tractor-trailer outfit had started to back across the pavement into a driveway, and had stopped. The headlights of the tractor were directed south toward the direction from which plaintiff was approaching, and the trailer complete-

ly obstructed plaintiff's northbound lane of the highway. Plaintiff, traveling 35 miles per hour, saw the headlights of defendants' tractor when at a distance of about a half mile. When about 200 feet from defendants' tractor he was completely blinded by its headlights, slowed down to 20 miles per hour and dimmed his own headlights. He continued to travel at about 20 miles per hour and did not see defendants' trailer blocking his lane until the front of his automobile was within 12 or 15 feet from it. Thereupon he applied his brakes, hit the trailer and was injured. The front of plaintiff's car was smashed, and the hood of his automobile was driven under the trailer to within a few inches of the windshield.

Unless plaintiff's failure to stop within the assured clear distance ahead is excused by circumstances hereinafter referred to, he was guilty of contributory negligence as a matter of law. It is well settled by many decisions of this Court that it is negligence as a matter of law for one to drive an automobile along a public highway in the dark at such speed that it cannot be stopped within the clear distance that objects can be seen ahead of it by the driver.[*]  *Budnick* v. *Peterson,* 215 Mich 678; *Spencer* v. *Taylor,* 219 Mich 110; *Holsaple* v. *Superintendents of Poor of Menominee County,* 232 Mich 603; *Lett* v. *Summerfield & Hecht,* 239 Mich 699; *Ruth* v. *Vroom,* 245 Mich 88 (62 ALR 1528) ; *Boylon* v. *Reliable Cartage Co.,* 258 Mich 5; *Korstange* v. *Kroeze,* 261 Mich 298; *Russell* v. *Szczawinski,* 268 Mich 112; *Waterstradt* v. *Lanyon Dock Co.,* 304 Mich 437; *Barron* v. *Trupski,* 326 Mich 378.

Plaintiff claims that when the front of his automobile was even with the tractor's headlights, 12 or 15 feet from the trailer, while he was still traveling about 20 miles per hour, he discovered the trailer

---

[*] See CL 1948, § 256.305 (Stat Ann 1947 Cum Supp § 9.1565).—REPORTER.

across his lane of traffic and immediately applied his brakes. He testified that while the pavement was elsewhere and otherwise dry, "it had a film—little film or sort of moisture or mist that settled that time of morning. That had apparently frozen on the highway and caused just enough slipperiness to prevent me from stopping the car." Relying on cases which allow an exception to the "assured clear distance ahead" rule, plaintiff claims that the film, moisture or mist on the pavement caused him to skid. His own testimony and that of his witnesses negatives the claim. He testified that at 20 miles per hour he could normally stop within the length of his automobile, 200 inches, approximately 16½ feet. He admits approaching the trailer at about 20 miles per hour to within 12 or 15 feet before he saw it. According to his own testimony, he could not then have avoided the collision even if conditions had been normal. His witnesses testified to skid marks, about 12 to 15 feet, and said that they "were black marks like burns * * * just ordinary black skid marks from an automobile tire."

The undisputed facts do not support plaintiff's theory that a proximate cause of the accident was a slippery condition of the pavement rather than his own negligence in continuing to travel at about 20 miles per hour for nearly 200 feet after he was blinded by the tractor's headlights, until the front of his automobile was within 12 or 15 feet of the obstruction across his traffic lane before he saw it. His own testimony shows that at that point he could not have stopped without hitting the trailer, even if there had been no "little film or sort of moisture or mist" on that particular part of the pavement.

The facts in the cases relied on by plaintiff to excuse his running into the trailer distinguish them. In *Diederichs* v. *Duke,* 234 Mich 136, mainly relied on by the plaintiff, the plaintiff was driving about 12

miles per hour with dimmers on. It was quite dark but she could see ahead 20 to 25 feet. She could stop her car within 10 or 12 feet. She saw an unlighted trailer ahead of her in ample time to stop and applied her brakes, but ran onto a small strip of icy pavement just behind the trailer. Otherwise, she had seen the trailer and applied her brakes in time to stop. That was not the situation in the instant case. In *Stankrauff* v. *DeVoe,* 281 Mich 660, also relied on by plaintiff, the plaintiff's driver likewise had seen the defendant's trailer in ample time and applied his brakes in ample time to stop and avoid collision if the road had not been unexpectedly slippery. The same situation occurred in *Hautala* v. *Cochran,* 289 Mich 409. The instant case is controlled by *Angstman* v. *Wilson,* 258 Mich 195 (31 NCCA 1), where the Court held (syllabi):

"Auto driver driving at night at rate of 20 miles per hour with dim lights, so that he could not stop within range of vision, and who crashed into unlighted standing truck, was guilty of contributory negligence as matter of law (PA 1921 [2d Ex Sess], No 3).

"Plaintiffs were not entitled to go to jury on theory that driver was prevented from stopping because of oil or some unusual condition on pavement which had not been discernible previously, where there was no testimony to sustain said theory.

"Where, in action for damages caused to plaintiffs when their automobile crashed into unlighted truck standing on pavement in nighttime, it conclusively appears that driver of plaintiffs' car was guilty of contributory negligence, verdict should have been directed for defendants, notwithstanding fact that their negligence also conclusively appears."

In the case before us, one of the proximate causes of plaintiff's running into the trailer was his continuing to drive at about 20 miles per hour for nearly

200 feet, with his headlights dimmed, when he was blinded by the tractor's headlights, without observing the trailer across his lane until he was too close to it to stop short of an accident, regardless of whether the pavement was slippery or dry. Because of his failure to slow down so that he could have seen the trailer within his assured clear distance ahead, he was guilty of contributory negligence as a matter of law.

Reversed and remanded for entry of judgment for defendants, with costs.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, BUSH-NELL, SHARPE, and REID, JJ., concurred.