ALBU *v.* SWEENEY.

WAHBY *v.* SAME.

1. APPEAL AND ERROR—CREDIBILITY OF WITNESSES—QUESTION FOR JURY.

The credibility of witnesses is a matter for the jury, not the Supreme Court on appeal.

2. SAME—DIRECTED VERDICT—EVIDENCE.

Evidence is viewed in the light most favorable to plaintiffs on appeal from denial of defendants' motions for directed verdict.

3. AUTOMOBILES—TAXICABS—NEGLIGENCE.

Defendant taxicab driver may not be said to be free from negligence as a matter of law and relieved from liability to passengers, where there is evidence that while such defendant was travelling northeastward at 7 p.m. on New Year's Eve on inside lane of 6-lane street, the taxi collided with another motorist's oncoming car that had come to a stop partially in lane taxi was in.

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 883.
[2] 3 Am Jur, Appeal and Error § 886.
[3] 5A Am Jur, Automobiles §§ 367–373.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted January 8, 1959. (Docket Nos. 35, 36, Calendar Nos. 48,008, 48,009.). Decided February 19, 1959.

Case by Anna Albu against Robert Sweeney and Floyd A. Kaminski for personal injuries resulting from collision between taxicab and automobile. Similar action by Lorena Wahby, joining William Sabo, operator of taxicab. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendants Sweeney and Sabo appeal. Affirmed.

*Markle & Markle,* for plaintiffs.

*Vandeveer, Haggerty, Garzia & Haggerty,* for defendants Sweeney and Sabo.

Voelker, J. Plaintiffs sought damages for injuries they incurred when a taxicab in which they were riding (owned and operated by defendants and appellants Sweeney and Sabo, respectively), became involved in an accident with a passenger car owned and operated by another defendant, Kaminski. The 2 cases were consolidated for trial and appeal. At the close of plaintiffs' proofs and again at the close of all proofs defendant-appellants Sweeney and Sabo moved for directed verdicts on the ground that the plaintiff passengers in the taxicab had failed to prove that they, the owner and driver thereof, were guilty of any actionable negligence. The trial judge reserved his decision under the Empson act* and the cases went to the jury. The jury returned verdicts for the plaintiffs against all defendants and defendants Sweeney and Sabo moved

---

* CL 1948, § 691.691 (Stat Ann 1957 Cum Supp § 27.1461).—Reporter.

for entry of judgment notwithstanding the verdict. This appeal results from the court's denial of that motion. The defendant driver of the passenger car, Kaminski, has not appealed.

The single question to be decided by this Court is: did the plaintiffs produce sufficient evidence to raise a question of fact in regard to the alleged negligence of defendants Sweeney and Sabo? In their brief appellants claim:

"A reading of the record in the above-entitled causes leads to the inescapable conclusion that insofar as defendants Sweeney and Sabo are concerned the plaintiffs failed to carry the burden of proof. They proved the mere fact of an accident having occurred, but made no proof of a single act of negligence on the part of the driver of the taxicab."

Our problem accordingly becomes one of examining the record to see whether it contains any competent evidence (and permissible inferences therefrom) raising a question of fact regarding appellants' negligence. The record indicates that just prior to the events resulting in the accident defendant-appellants' taxicab, in which plaintiffs were riding, was traveling in a proper lane at approximately 20 miles per hour in a northeasterly direction on the inner lane of Gratiot avenue in the city of Detroit; that defendant Kaminski was likewise driving his car about 20 miles per hour in the inner lane on the opposite side of the same street; and that both cars were straddling the outer track of a double set of streetcar tracks that ran over the 2 center lanes of Gratiot avenue. They came into contact at some interval after defendant Kaminski's car somehow left its own side of the road and entered the taxicab's proper lane of travel. The accident occurred at approximately 7 p.m., December 31, 1953.

At that time the roads were slippery and visibility was hampered by darkness and the falling of snow. That much of the evidence is uncontradicted.

Plaintiffs called defendant Kaminski on their main case, who testified that he was forced to apply his brakes unexpectedly, when an unknown driver of a car in front of him suddenly applied the brakes and slowed down, causing Kaminski's car to spin around in the road and stop on the opposite or wrong side of the imaginary center line of the 6-lane highway. He testified further that he had had 1 bottle of beer that day. Further testimony follows:

"*Q.* Now, what happened to your car after you touched the brakes?

"*A.* I put on my brakes—I just touched them and the back end swung around and I stood there about 15 seconds or better.

"*Q.* When the back end of your car swung around, did it come to a stop?

"*A.* Yes. * * *

"*Q.* How many cars passed you going from downtown out Gratiot after you came to a stop across the street?

"*A.* Oh, about 2 lanes.

"*Q.* How many automobiles?.

"*A.* Oh, I would say maybe 5 or 6. * * *

"*Q.* Now, on December 31st, the day the accident happened, how much did you have to drink?

"*A.* One bottle of beer."

Defendant Sabo (the driver of the taxicab) was also called by the plaintiffs and testified that he did not see the car until it was too late to avoid hitting it. He testified further that he did not know where the car had come from. We quote a portion of his testimony:

"*Q.* How far did you skid before you struck the other car?

"*A.* Well, I don't know. Everything happened so fast. I would say it was about 25 feet in front of me when I first noticed.

"*Q.* This car was already in your path the first time you noticed it, wasn't it?

"*A.* The first time I noticed it, yes; he was in my path.

"*Q.* And he was about 25 feet ahead of you?

"*A.* I would say somewhere around there.   *   *   *

"*A.* I cut my wheel to the right to try and get around him, and hit my brakes, and did everything I could to get away from him, but I couldn't get away from him. It happened that fast."

Leo Bateman, a police officer who investigated the accident, placed defendant Kaminski's car at the time of the accident across the "wrong" streetcar tracks with its rear end on the westbound car tracks and its front end across the eastbound tracks. In that roughly right-angle position Kaminski's car blocked the taxicab's lane of travel. This evidence, when considered with defendant Sabo's testimony that the car was across his lane of travel when he first saw it, tends to substantiate defendant Kaminski's testimony that he was standing still prior to the accident. The inference seems inescapable that if Kaminski's car was moving when Sabo first saw it (as appellants now appear to claim) it follows that it would have moved an appreciable distance in some direction in the time that it took Sabo's taxicab to move 25 feet. The credibility of the witnesses was, of course, a question for the jury, not us.

Accepting this evidence in the light most favorable to the plaintiffs, as we must in an appeal of this type (*Gapske* v. *Hatch,* 347 Mich 648), we are not led to the "inescapable conclusion" referred to in appellants' brief. Rather it seems to us that the evidence presented by the plaintiffs was sufficient to raise a question of fact as to appellants' negli-

gence. If it was so that the Kaminski car was a "sitting duck" for the period and distance indicated by the testimony, we cannot say as a matter of law that appellants' claimed freedom from negligence was inescapable. Further, the jury, which had the opportunity to see the witnesses and hear the evidence as it was presented, was entitled to weigh the conflicting stories and believe that evidence which it thought most veracious, and to find as it apparently did that appellant Sabo was negligent in failing timely to observe and thus avoid hitting the stopped and helpless car directly in front of him. See *Nevill v. Murdey*, 333 Mich 486. The question is not whether Kaminski may have been negligent; no question is raised here but that he was. The question before us is whether there were competent proofs from which reasonable men might reasonably have concluded that the driver of the taxicab also was negligent. We think that there were such proofs and that the court properly allowed the question of appellants' negligence to go to the jury. The jury found defendants negligent and we think the record contains sufficient evidence to sustain the verdict.

So many cases continue to pass before us posing the same or similar questions that we feel more and more wistfully drawn to the dispatch shown by Mr. Justice Grant in a one-page opinion in *Wood v. Lentz*, 116 Mich 275. After briefly posing the claim of appellant he there said with enviable terseness: "We have examined the record, and find plenty of testimony to sustain the verdict. It is unnecessary to set it forth." One day soon we are afraid we shall be driven to find the courage to emulate him.

Judgment affirmed. Costs to appellees.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Kavanagh, JJ., concurred.